# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* | COSTCO WHOLESALE CORPORATION, a business entity; and DOES 1-20 Inclusive |

**YOU ARE BEING SUED BY PLAINTIFF:** VIRGINIA PEERA, an individual
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

E-FILED
5/3/2022 1:00 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV398102
Reviewed By: N. Christopherson
Envelope: 8895208

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of Santa Clara 191 N. First Street San Jose, CA 95113 | **CASE NUMBER:** *(Número del Caso):* 22CV398102 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Jordan D. Johnson
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Harris Personal Injury Lawyers; 55 S. Market Street, Suite 1010, San Jose, CA 95113
408-512-3600

| DATE: *(Fecha)* 5/3/2022 1:00 PM | Clerk of Court | Clerk, by *(Secretario)* N. Christopherson | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Costco Wholesale Corporation, a business entity

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

— Jordan D. Johnson, SBN 311258
Harris Personal Injury Lawyers
55 S. Market Street, Suite 1010
San Jose, CA 95113
TELEPHONE NO.: 408-512-3600   FAX NO.: 408-320-0092
ATTORNEY FOR (Name): Virginia Peera, Plaintiff

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 5/3/2022 1:00 PM
Reviewed By: N. Christopherson
Case #22CV398102
Envelope: 8895208**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Unlimited Civil

CASE NAME:
Peera v. Costco Wholesale Corporation et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22CV398102 |
|---|---|---|
| ☑ Unlimited    ☐ Limited | ☐ Counter   ☐ Joinder | |
| (Amount demanded exceeds $25,000)    (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☑ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 1. Negligence
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 2, 2022

Jordan D. Johnson
_____   ▶   _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

E-FILED
5/3/2022 1:00 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV398102
Reviewed By: N. Christopherson

Jordan D. Johnson, SBN 311258
Philip Alexander, SBN: 235216
Harris Personal Injury Lawyers, Inc.
55 S. Market Street, Suite 1010
San Jose, CA 95113
Telephone:  (408) 512-3600
Facsimile:  (408) 320-0092

*Attorneys for Plaintiff*
*Virginia Peera*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| VIRGINIA PEERA, an individual; | CASE NO.: 22CV398102 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES** |
| COSTCO WHOLESALE CORPORATION, a business entity; and DOES 1 through 20 Inclusive; | 1.  Negligence |
| Defendants. | |

Plaintiff VIRGINIA PEERA ("Plaintiff") alleges as follows:

**THE PARTIES**

1.      The conduct giving rise to this action occurred in the San Jose, County of Santa Clara, State of California.

2.      Plaintiff is an individual residing in Santa Clara, California.

3.      Defendant COSTCO WHOLESALE CORPORATION is a Washington business entity doing business in the State of California.

4.      At all times herein mentioned, "Defendants" refers COSTCO WHOLESALE CORPORATION, and DOES 1 through 20 Inclusive.

5.      Plaintiff is unaware of the true names and capacities of Defendants Does 1 through 20 inclusive, and therefore sues them by fictitious names.  Plaintiff will amend this Complaint to show the true names and capacities of these Defendants once they are ascertained. Plaintiff is informed and believes and thereon alleges that each of these Defendants are responsible in some manner for the wrongful acts alleged in this Complaint and proximately caused Plaintiff's damages.

6.      It is understood and believed that Defendants owned, leased, maintained, operated, controlled, repaired, supervised, managed and/or occupied the real property upon which Plaintiff's injuries occurred on the date of the incident.

7.      Plaintiff is informed and believes, and thereon alleges, that at all times material hereto and mentioned herein, each Defendant sued herein was the agent, servant, employer, joint venturer, partner, owner, subsidiary, alias, and/or alter ego of each of the remaining Defendants and was, at all times, acting within the purpose and scope of such employment, agency, servitude, ownership, subsidiary, alias and/or alter ego and with the authority, consent, approval, control, influence and ratification of each of the remaining Defendants sued herein.

8.      Plaintiff is informed and believes and thereon alleges that DOES 1 through 20, inclusive, include, but are not necessarily limited to, the employees, agents, persons, subsidiaries, representatives, affiliates, partners, distributors, vendors, and/or agents, who are each under the direct control of Defendants.

9.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, the premises where the subject accident occurred are located within the judicial district of the above-entitled court.  The premises where the subject accident occurred, were in the exclusive care and custody of Defendants.

10.     Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each Defendant was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the scope of such agency and employment.

///

**VENUE**

11.     At all times herein mentioned, the incident on which this action is based occurred within the boundaries of the Superior Court of the State of California, County of Santa Clara. Said incident took place in the city of San Jose, California.

**GENERAL ALLEGATIONS**

12.     Plaintiff hereby incorporates by reference paragraphs 1 through 11 as though fully set forth herein.

13.     On March 16, 2022, Defendants, owned and/or controlled and/or maintained a store at 2376 S. Evergreen Loop, San Jose, CA 95122, State of California.

14.     On March 16, 2022 the floor (the "Floor") of the Store was littered with produce, which created a dangerous and unsafe condition on the Floor.

15.     On March 16, 2022, Plaintiff was shopping at the aforementioned store when she slipped and fell on the produce left on the floor causing her serious bodily injury and harm.

16.     On or about March 16, 2022, at the Store, in the City of San Jose, California, Defendants carelessly and/or negligently used, controlled, maintained, and/or inspected the Store and/or Floor where Plaintiff was injured, so as to permit produce on the floor which was accessible to the public. This created a dangerous and unsafe condition that caused Plaintiff to be injured.

17.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, the Store is located within the judicial district of the above-entitled court. The Store where the subject accident occurred was in the exclusive care and custody of Defendants.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

*(As to Defendants)*

18.     Plaintiff hereby repeats and re-alleges each and every allegation contained in paragraphs 1 through 19 above, inclusive, and incorporates the same herein by reference as though fully set forth at length.

19.     On or about March 16, 2022, at the Store, in the City of San Jose, California, Defendants carelessly and negligently used, controlled, maintained, and/or inspected the Floor

where Plaintiff was injured, so as to permit produce to be on the Floor.  This created a dangerous and unsafe condition that caused Plaintiff to be injured.

20.     At all times herein mentioned, Defendants, did so own, maintain, lease, operate, control, repair, supervise, manage and/or occupy the Store and/or Floor.

21.     Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Store and/or Floor owed a duty to Plaintiff.

22.     Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Store and/or Floor failed to use reasonable care to keep the Store and/or Floor in a reasonably safe condition.

23.     Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Store and/or Floor failed to use reasonable care to discover any unsafe conditions and to repair, replace, or give adequate warning of anything that could be reasonably expected to harm Plaintiff.

24.     Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Store and/or Floor created an unreasonable risk of harm to Plaintiff.

25.     Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Store and/or Floor knew or should have known about the unreasonable risk of harm created by the produce left on the floor.

26.     Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Store and/or Floor failed to take reasonable precautions to protect Plaintiff against the risk of the unreasonable harm, which is responsible for the injury caused by the dangerous and unsafe condition.

27.     Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Store and/or Floor created an unreasonable risk of harm including a dangerous and unsafe condition, which was the actual and proximate cause of the injuries Plaintiff sustained.

28.     Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Store and/or Floor owed a duty of reasonable care

in providing safe and hazard free premises and protecting persons walking through the Store against unreasonable conditions.

29.    Despite such duties owed by Defendants, including but not limited to those duties owed to Plaintiff, Defendants breached said duties by, amongst other things: (1) failing to properly maintain the Store and/or Store Floor; (2) failing to remove produce from the floor as referenced herein; (3) failing to warn Plaintiff of the hazardous condition created by the produce by using warning signs or other demarcation; (4) failing to keep the area inaccessible to the public; (5) failing to properly inspect the Store and/or Store Floor; and (6) Defendants created the dangerous condition which caused Plaintiff's injuries.  As such, Defendants maintained the Store and/or Floor in such a manner so as to create, cause, allow, contribute to, or assist in the creation of a dangerous condition in the Store, which existed in the Store upon the Floor in sufficient time for the Defendants, and each of them, to have actual and/or constructive notice of such condition, and/or to warn Plaintiff of the existence of such conditions, which Defendants, and all of them, negligently and carelessly failed to do.

30.    Further, Defendants failed to exercise ordinary care in the maintenance of the Store and/or Floor by failing to set out warning signs, marking delineators and/or any warning to Plaintiff that the condition of the Floor failed to meet the minimum standards of safety as set forth in the appropriate building codes.

31.    At the time of Plaintiff's fall, Defendants knew or should have known that the Floor was no longer safe and constituted a dangerous condition with an unreasonable risk of harm presented to the persons walking through the Store on the Floor. Further, the Defendants knew or should have known that the persons walking through the Store on the Floor would be unaware of the dangerous condition presented by the produce on the floor. Defendants negligently failed to take steps to either make the condition safe or warn the Plaintiff and others of the dangerous condition, all of which caused Plaintiff to slip and fall on the produce and suffer the injuries and damages herein described.

32.    By virtue of their status as owners, maintainers, lessors, operators, controllers, repairers, supervisors managers and/or occupiers of the Store and/or Floor, Defendants are responsible for the dangerous and defective conditions that existed upon the Floor, including but

not limited to, failing to remove the produce, failing to properly inspect the subject premises, and failing to install proper safeguards to prevent incidents, similar to the incident which caused Plaintiff's injuries.

33.     As a proximate result of the negligence of the Defendants, and each of them, Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her body, and shock and injury to her nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff great mental, physical, and emotional distress and nervous pain and suffering.  Plaintiff is informed and believes and thereon alleges, that said injuries will result in some impairment to said Plaintiff, all in addition to her general damages in an amount to be proven at trial.

34.     As a proximate result of the negligence of the Defendants, and each of them, Plaintiff has incurred and will continue to incur medical and related expenses, in an amount that is unknown at this time but which will be proven at the time of trial.

35.     As a further proximate result of the negligence of the Defendants, and each of them, Plaintiff has suffered and will continue to suffer general damages in an amount presently unknown but which will be proven at the time of trial.

36.     As a further proximate result of the negligence of the Defendants, and each of them, Plaintiff has suffered and will continue to suffer economic damages and loss of earnings in an amount presently unknown but which will be proven at the time of trial.

37.     As a further proximate result of the negligence of the Defendants, and each of them, Plaintiff has suffered and will continue to suffer, a loss of earning capacity in an amount presently unknown but which will be proven at the time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1.     General damages to Plaintiff, according to proof;

2.     Economic damages to Plaintiff, according to proof,

3.     Medical and related expenses of Plaintiff, according to proof;

4.     Plaintiff's loss of earnings, according to proof,

5.    Loss of earning capacity of Plaintiff, according to proof;

6.    Costs of suit herein;

7.    Prejudgment interest;

8.    Such other further relief as the Court deems just and proper.

DATED: March 28, 2022                         Harris Personal Injury Lawyers, Inc.


By: _____

Jordan D. Johnson
Attorney for Plaintiff

Complaint for Damages - 7

**ATTACHMENT CV-5012** Hernandez

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER: _22CV398102_

## PLEASE READ THIS ENTIRE FORM

___PLAINTIFF___ (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

___DEFENDANT___ (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

___RULES AND FORMS:___  You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

___CASE MANAGEMENT CONFERENCE (CMC):___  You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   *You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: ___Manoukian, Socrates P___ Department: ___20___

The 1st CMC is scheduled for: (Completed by Clerk of Court)
    Date: _9-27-22_ Time: _3 PM_ in Department: _20_

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
    Date: _____ Time: _____ in Department: _____

---

___ALTERNATIVE DISPUTE RESOLUTION (ADR):___  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

___WARNING:___ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* SBN 311258 | FOR COURT USE ONLY |
|---|---|
| Jordan D. Johnson, Esq.<br>Harris Personal Injury Lawyers, Inc.<br>55 S. Market Street, Suite 1010, San Jose, CA 95113<br>TELEPHONE NO.: 408-512-3600     FAX NO. *(Optional)*: 408-320-0092<br>E-MAIL ADDRESS *(Optional)*: Jordan@harrispersonalinjury.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Virginia Peera | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Unlimited Civil

PLAINTIFF/PETITIONER: Virginia Peera

DEFENDANT/RESPONDENT: Costco Wholesale Corporation et al.

| | CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|---|
| *(Check one):*  ☑ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) | ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | 22CV398102 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: September 27, 2022     Time: 3:00 pm     Dept.: 20     Div.:     Room:

Address of court *(if different from the address above)*:

☑ **Notice of Intent to Appear by Telephone, by** *(name)*:  Jordan D. Johnson

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☑ This statement is submitted by party *(name)*:  Virginia Peera
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:  May 3, 2022
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in  ☑ complaint     ☐ cross-complaint     *(Describe, including causes of action)*:
      Premise Liability

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]
**CASE MANAGEMENT STATEMENT**
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: Virginia Peera | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Costco Wholesale Corporation et al. | 22CV398102 |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

SEE ATTACHED STATEMENT OF THE CASE

☑   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.   ☐ The trial has been set for *(date):*
b.   ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☑ days *(specify number):* 3-5
b.   ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   E-mail address:
f.   Fax number:
g.   Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☑ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: Virginia Peera | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Costco Wholesale Corporation et al. | 22CV398102 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☐ Mediation session not yet scheduled<br>☑ Mediation session scheduled for *(date)*:  July 2022<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

**CM-110**

| | | CASE NUMBER: |
|---|---|---|
| PLAINTIFF/PETITIONER: | Virginia Peera | 22CV398102 |
| DEFENDANT/RESPONDENT: | Costco Wholesale Corporation et al. | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Expert Depositions | per code |
| Plaintiff | Deposition of Defendant | TBD |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | Virginia Peera | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Costco Wholesale Corporation et al. | 22CV398102 |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):*      1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: September 12, 2022

Jordan D. Johnson
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

Peera v. Costco Wholesale Corporation, et al.
Case No. 22CV398102

ATTACHMENT TO CASE MANAGEMENT STATEMENT

Statement of the case:

This is a premise liability case that arises out of an incident that occurred on March 16, 2022 in Santa Clara County at the Costco Wholesale Corporation. Plaintiff sustained injuries as a result of Defendant's negligence.

Plaintiff Virginia Peera's medical specials total over $142,592.20. Plaintiff's future medical expenses, lost wages, and earning capacity are to be determined at a later date.

Written discovery of both Plaintiff and Defendants is ongoing. Plaintiff and Defendans will be deposed will be deposed on a date to be determined.

1 | *Peera v. Costco Wholesale Corporation, et al.*

2 | <u>COUNTY OF SANTA CLARA, CASE NO.: 22CV398102</u>

3 | **PROOF OF SERVICE**

4 |     I, the undersigned, declare as follows:

5 |     I am employed in the County of Alameda, State of California. I am over the age of 18 years and

6 | not a party to this within action; my business address is 409 13th Street, 17th Floor, Oakland, CA 94612.

7 |     On September 12, 2022, I caused to be served the following document(s) described as:

8 |     •  **PLAINTIFF'S CASE MANAGEMENT STATEMENT**

9 | on the interested parties in this action as follows:

10 | *Attorneys for Defendant*
11 | Arthur J. Casey
FORD, WALKER, HAGGERTY & BEHAR, LLP
12 | 16450 Los Gatos Blvd., Suite 110
Los Gatos, CA 95032
13 | Email: acasey@fwhb.com
      mnery@fwhb.com
14 |       larmanino@fwhb.com

17 | **[X] ONLY BY ELECTRONIC TRANSMISSION**.  Only by e-mailing the document(s) to the

18 | persons at the e-mail address(es) listed based on notice provided on March 17, 2020 that, during the

19 | Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical

20 | mail as usual, and is therefore using only electronic mail. No electronic message or other indication

21 | that the transmission was unsuccessful was received within a reasonable time after the transmission. I

22 | declare under penalty of perjury under the laws of the State of California that the above is true and

23 | correct.  Executed on September 12, 2022 at Oakland, California.

24 |  

25 |                       Yesenia Perez-Guerrero, Paralegal

1  ARTHUR J. CASEY [SBN 123273]
   FORD, WALKER, HAGGERTY & BEHAR, LLP
2  16450 Los Gatos Blvd., Suite 110
   Los Gatos, CA 95032
3  Tel:    (408) 660-3102
   Fax:    (408) 660-3105
4  Email:  acasey@fwhb.com

5  Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION

6

7

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 6/22/2022 12:46 PM
Reviewed By: P. Lai
Case #22CV398102
Envelope: 9277942**

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10

11  VIRGINIA PEERA, an individual,          Case No. 22CV398102

12              Plaintiff,

13         vs.                              **ANSWER TO COMPLAINT**

14  COSTCO WHOLESALE CORPORATION, a
    business entity; and DOES 1 through 20,
15  Inclusive,

16              Defendants.

17

18         COMES NOW defendant, COSTCO WHOLESALE CORPORATION ("defendant"), and in

19  answer to the Complaint of plaintiff VIRGINIA PEERA ("plaintiff") on file herein, admits, denies,

20  and alleges as follows:

21                                          **I.**

22         Answering all causes of action pled by the above-named plaintiff, this answering defendant,

23  pursuant to Code of Civil Procedure section 431.30, denies, both generally and specifically, every

24  material allegation, including the damage allegations, in every cause of action alleged.

25                          **<u>AFFIRMATIVE DEFENSES</u>**

26         AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, this

27  answering defendant believes and thereon alleges that plaintiff was careless and negligent in and about

28  the matters complained of and that such carelessness and negligence contributed to the happening of

                                            1
ANSWER TO COMPLAINT                                         Case No. 22CV398102

1  the incident complained of, and the damages, if any, sustained thereby.

2  AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

3  herein, this answering defendant is informed and believes and based thereon alleges that plaintiff, with

4  full appreciation of the particular risks involved, nevertheless knowingly and voluntarily assumed the

5  risks and hazards of the incident complained of, and the damages, if any, resulting therefrom.

6  AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

7  herein, this answering defendant alleges that the Complaint fails to state facts sufficient to constitute a

8  cause of action against this answering defendant.

9  AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

10  herein, this answering defendant is informed and believes and based thereon alleges that plaintiff's

11  causes of action are barred by reason of plaintiff's failure to mitigate damages, if any.

12  AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

13  herein, this answering defendant asserts that plaintiff's injuries were caused or contributed to by third

14  parties in a percentage to be determined at trial and that plaintiff's recovery of noneconomic damages

15  shall be reduced in proportion to such third parties' percentage of fault.  Civil Code § 1431.2.

16  AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

17  herein, this answering defendant alleges that said Complaint does not state facts sufficient to constitute

18  a cause of action in that said Complaint is barred by the Statute of Limitations; to wit, by the

19  provisions of the Code of Civil Procedure, Section 335, et seq.

20  AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

21  herein, this answering defendant is informed and believes and thereon alleges that the plaintiff's

22  employer was negligent and careless and that this carelessness and negligence on the part of the

23  plaintiff's employer proximately caused or contributed to the damages, if any, sustained by the

24  plaintiff, and that by reason thereof, this answering defendant is entitled to a reduction in any verdict

25  which may be rendered against this defendant in the amount of any benefits paid or payable to the

26  plaintiff on behalf of the plaintiff's employer.

27  AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

28  herein, this answering defendant alleges that if plaintiff was, in fact, acting within the course and

1 | scope of employment, plaintiff's exclusive remedy is before the Workers' Compensation Appeals

2 | Board, this court having no jurisdiction to determine this matter.

3 |       WHEREFORE, this answering defendant prays that plaintiff take nothing by reason of the

4 | Complaint on file herein, that this answering defendant be awarded costs of suit herein incurred, and

5 | for such other, further, and different relief as may be deemed appropriate by the Court.

6 | Dated:  June 22, 2022                         FORD, WALKER, HAGGERTY & BEHAR, LLP

By:

ARTHUR J. CASEY
Attorney for Defendant
COSTCO WHOLESALE CORPORATION

**PROOF OF SERVICE**
*Peera v. Costco*
Santa Clara County Case No. 22CV398102

I, MARIELA NERY, declare:

I am over the age of eighteen (18) years and not a party to the within entitled action.  I am employed by Ford, Walker, Haggerty & Behar, LLP.  My business address is 16450 Los Gatos Blvd., Suite 110, Los Gatos, California 95032.  I am readily familiar with the firm's practice for collection and processing of documents for delivery by way of the service indicated below.

On **JUNE 22, 2022**, I served the following document(s):

**ANSWER TO COMPLAINT**

on the interested party(ies) in this action as follows:

☒ **BY U.S. MAIL:**  By placing said document in an envelope or package for collection and mailing, addressed to the person at the address listed below, following our ordinary business practices.  I am readily familiar with the firm's practice for collection and processing of mail.  Under that practice, on the same day that mail is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

☒ **BY E-MAIL:**  I caused the document to be sent to the person(s) at the e-mail address(es) listed below, each of whom previously authorized electronic service of documents in this action.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Jordan D. Johnson                          Attorneys for Plaintiff
Philip Alexander                             VIRGINIA PEERA
Harris Personal Injury Lawyers, Inc.
55 S. Market Street, Suite 1010
San Jose, CA  95113
EMAILS: jordan@harrispersonalinjury.com
                palexander@harrispersonalinjury.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **JUNE 22, 2022**, at Los Gatos, California.

*Mariela Nery*
MARIELA NERY

ANSWER TO COMPLAINT                                                    Case No. 22CV398102

1    ARTHUR J. CASEY [SBN 123273]
     FORD, WALKER, HAGGERTY & BEHAR, LLP
2    16450 Los Gatos Blvd., Suite 110
     Los Gatos, CA 95032
3    Tel:    (408) 660-3102
     Fax:   (408) 660-3105
4    Email: acasey@fwhb.com

5    Attorneys for Defendant
     COSTCO WHOLESALE CORPORATION

6

7

8                     SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SANTA CLARA

10

11   VIRGINIA PEERA, an individual,              Case No. 22CV398102

12                  Plaintiff,

13          vs.                                  **REQUEST FOR JURY TRIAL AND
                                                 NOTICE OF JURY FEES DEPOSIT**
14   COSTCO WHOLESALE CORPORATION, a
     business entity; and DOES 1 through 20,
15   Inclusive,

16                  Defendants.

17

18   TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, AND TO

19   PLAINTIFF AND HER ATTORNEY OF RECORD:

20          Defendant COSTCO WHOLESALE CORPORATION hereby requests a jury trial in this

21   matter and deposits jury fees in the amount of $150.00.

22   Dated: June 22, 2022                        FORD, WALKER, HAGGERTY & BEHAR, LLP

23

24

25                                        By: _____
                                                ARTHUR J. CASEY
26                                              Attorney for Defendant
                                                COSTCO WHOLESALE CORPORATION
27

28

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 6/22/2022 12:46 PM
Reviewed By: P. Lai
Case #22CV398102
Envelope: 9277942

1

## PROOF OF SERVICE
*Peera v. Costco*
Santa Clara County Case No. 22CV398102

I, MARIELA NERY, declare:

I am over the age of eighteen (18) years and not a party to the within entitled action.  I am employed by Ford, Walker, Haggerty & Behar, LLP.  My business address is 16450 Los Gatos Blvd., Suite 110, Los Gatos, California 95032.  I am readily familiar with the firm's practice for collection and processing of documents for delivery by way of the service indicated below.

On **JUNE 22, 2022**, I served the following document(s):

**REQUEST FOR JURY TRIAL AND NOTICE OF JURY FEES DEPOSIT**

on the interested party(ies) in this action as follows:

☒ **BY U.S. MAIL:**  By placing said document in an envelope or package for collection and mailing, addressed to the person at the address listed below, following our ordinary business practices.  I am readily familiar with the firm's practice for collection and processing of mail.  Under that practice, on the same day that mail is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

☒ **BY E-MAIL:**  I caused the document to be sent to the person(s) at the e-mail address(es) listed below, each of whom previously authorized electronic service of documents in this action.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Jordan D. Johnson                                        Attorneys for Plaintiff
Philip Alexander                                           VIRGINIA PEERA
Harris Personal Injury Lawyers, Inc.
55 S. Market Street, Suite 1010
San Jose, CA  95113
EMAILS:jordan@harrispersonalinjury.com
           palexander@harrispersonalinjury.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **JUNE 22, 2022**, at Los Gatos, California.

*Mariela Nery*
MARIELA NERY

REQUEST FOR JURY TRIAL AND                                        Case No. 22CV398102
NOTICE OF JURY FEES DEPOSIT

22CV398102
Santa Clara – Civil

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Arthur J. Casey [SBN 123273]<br>FORD, WALKER, HAGGERTY & BEHAR, LLP<br>16450 Los Gatos Boulevard, Suite 110. Los Gatos, CA 95032<br>TELEPHONE NO.: (408) 660-3153    FAX NO. *(Optional):* (408) 660-3105<br>E-MAIL ADDRESS *(Optional):* acasey@fwhb.com<br>ATTORNEY FOR *(Name):* Defendant COSTCO WHOLESALE CORPORATION | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 9/12/2022 4:20 PM<br>Reviewed By: R. Fleming<br>Case #22CV398102<br>Envelope: 9942377** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: VIRGINIA PEERA, an individual

DEFENDANT/RESPONDENT: COSTCO WHOLESALE CORPORATION

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  ☑ **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000) ☐ **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | 22CV398102 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: SEPTEMBER 27, 2022    Time: 3:00 PM    Dept.: 20    Div.:    Room:

Address of court *(if different from the address above):*

☑ Notice of Intent to Appear by Telephone, by *(name):* Arthur J. Casey

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☑ This statement is submitted **jointly** by parties *(names):* Defendant COSTCO WHOLESALE CORPORATION

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint ☐ cross-complaint    *(Describe, including causes of action):*
      Personal Injury / Slip and fall accident.

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: VIRGINIA PEERA, an individual | 22CV398102 |
| DEFENDANT/RESPONDENT: COSTCO WHOLESALE CORPORATION | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Slip and fall accident occurred on March 16, 2022, at the Costco warehouse located at 2376 S. Evergreen Loop, San Jose, CA 95122.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request   ☑ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
(2023) 1/23-1/27;1/30-2/3; 2/6-2/10;2/17-2/21;2/21-2/25;2/27-3/01;3/20-3/25; 3/27-3/31; 4/07-4/14;
4/10-4/20; 4/17-4/26; 4/17-4/20; 4/17-4/20; 5/8-5/12; 6/5-6/9;6/5-6/9;11/6-11/12; (2024) 4/26/-4/30

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☑ days *(specify number):* 5-7
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:                                      f.   Fax number:
e. E-mail address:                                          g.   Party represented:
☐   Additional representation is described in Attachment 8.

9. **Preference**
☐   This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☑ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not   reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER: VIRGINIA PEERA, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COSTCO WHOLESALE CORPORATION | 22CV398102 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110 [Rev. July 1, 2011]  **CASE MANAGEMENT STATEMENT**  **Page 3 of 5**

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER:   VIRGINIA PEERA, an individual | CASE NUMBER: |
| DEFENDANT/RESPONDENT:   COSTCO WHOLESALE CORPORATION | 22CV398102 |

**11. Insurance**
  a. ☑ Insurance carrier, if any, for party filing this statement *(name):* Self-Insured
  b. Reservation of rights: ☐ Yes  ☑ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*


**12. Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy   ☐ Other *(specify):*
  Status:

**13. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
       (1) Name of case:
       (2) Name of court:
       (3) Case number:
       (4) Status:
       ☐ Additional cases are described in Attachment 13a.
  b. ☐ A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party):*

**14. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*


**15. Other motions**
    ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
       Standard motions in limine at time of trial.


**16. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Supplemental Discovery | TBD |
| | Subpoenaed Records | Pending |
| | IME of plaintiff | TBD |
| | Deposition of Plaintiff | TBD |
| | Expert Depositions | Pursuant to Code |

  c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | VIRGINIA PEERA, an individual | CASE NUMBER:<br>22CV398102 |
| DEFENDANT/RESPONDENT: | COSTCO WHOLESALE CORPORATION | |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

        Parties have not yet met & conferred but I will do so before the CMC.  It is likely that limited discovery and ADR with a private mediator is the best course to take for this slip & fall.

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: September 12, 2022

Arthur J. Casey
_____
        (TYPE OR PRINT NAME)

► _____
        (SIGNATURE OF PARTY OR ATTORNEY)

_____
        (TYPE OR PRINT NAME)

► _____
        (SIGNATURE OF PARTY OR ATTORNEY)

    ☐ Additional signatures are attached.

1

**PROOF OF SERVICE**
*Peera v. Costco*
2                 Santa Clara County Case No. 22CV398102

3          I, MARIELA NERY, declare:

4          I am over the age of eighteen (18) years and not a party to the within entitled action.  I am
employed by Ford, Walker, Haggerty & Behar, LLP.  My business address is 16450 Los Gatos Blvd.,
5    Suite 110, Los Gatos, California 95032.  I am readily familiar with the firm's practice for collection
and processing of documents for delivery by way of the service indicated below.

6
          On **SEPTEMBER 12, 2022**, I served the following document(s):
7
                    **CASE MANAGEMENT STATEMENT DATED 9/12/22**
8

9    on the interested party(ies) in this action as follows:

10   ☒ **BY E-MAIL:** By agreement of the parties to accept service by electronic transmission, I caused
          the document(s) to be sent from email address mnery@fwhb.com to the persons at the electronic
11        notification addresses shown below.

12

13        Jordan D. Johnson                              Attorneys for Plaintiff
          Harris Personal Injury Lawyers, Inc.           VIRGINIA PEERA
14        55 S. Market Street, Suite 1010
          San Jose, CA  95113
15        EMAIL:jordan@harrispersonalinjury.com

16
          I declare under penalty of perjury under the laws of the State of California that the foregoing is
17   true and correct.

18        Executed on **SEPTEMBER 12, 2022**, at Los Gatos, California.

19

20                                                  *Mariela Nery*
                                                    _____
21                                                  MARIELA NERY

22

23

24

25

26

27

28

PROOF OF SERVICE                                                    Case No. 22CV398102

RA-010

| | | |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:** STATE BAR NUMBER: 123273 <br> NAME: Arthur J. Casey <br> FIRM NAME: FORD, WALKER, HAGGERTY & BEHAR, LLP <br> STREET ADDRESS: 16450 Los Gatos Boulevard, Suite 110 <br> CITY: Los Gatos    STATE: CA    ZIP CODE: 95032 <br> TELEPHONE NO.: (408) 660-3153    FAX NO.: (408) 660-3105 <br> EMAIL ADDRESS: acasey@fwhb.com <br> ATTORNEY FOR (name): Defendant COSTCO WHOLESALE CORPORATION | **Electronically Filed <br> by Superior Court of CA, <br> County of Santa Clara, <br> on 9/12/2022 4:20 PM <br> Reviewed By: R. Burciaga <br> Case #22CV398102 <br> Envelope: 9942377** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: VIRGINIA PEERA, an individual
DEFENDANT/RESPONDENT: COSTCO WHOLESALE CORPORATION
OTHER CASE NAME:

| **NOTICE OF REMOTE APPEARANCE** | CASE NUMBER: <br> 22CV398102 |
|---|---|

You must use this form to tell the court you intend to appear remotely in a civil case, unless the court's website describes an online process for giving notice. You may also use it to give the required notice to all other parties in the case. (Do not use this form in a juvenile dependency proceeding.)

Check the court's website for information about how to appear remotely, including the departments and types of cases or proceedings that allow remote appearances and ways to appear remotely in their departments for such appearances.

See page 3 of this form for more information, including deadlines for giving notice and for opposing a remote appearance if this notice is for an evidentiary hearing or trial.

**A person appearing remotely should conduct themselves as though appearing in court in person.**

1. The person who intends to appear remotely is *(check and complete all that apply):*
   - ☐ Plaintiff/Petitioner *(name):*
   - ☐ Attorney for Plaintiff/Petitioner *(name):*
   - ☐ Defendant/Respondent *(name):*
   - ☒ Attorney for Defendant/Respondent *(name):* Arthur J. Casey
   - ☐ Other *(name and role in case):*

2. The person or persons in 1 intends to appear remotely *(check one):*
   a. ☐ Throughout the case.
   b. ☒ At the proceeding described below, including on any later dates if the proceeding is continued *(describe):*
      Type of proceeding: Case Management Conference
      Set on *(date):* SEPTEMBER 27, 2022    at *(time):* 3:00 p.m.    in *(department):* 20
      Before *(name of judicial officer, if known):*

3. The person intends to appear by *(check court's website for method that may be used):*
   - ☐ Videoconference    ☒ Audio only (including telephone)

4. ☐ For evidentiary hearing or trial only (where testimony may be given): the party requests the following additional aspects of the proceeding be conducted remotely*(describe what the party wants to be done remotely and why; attach form MC-25 if more space is needed):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> RA-010 [New January 1, 2022] | **NOTICE OF REMOTE APPEARANCE** | Code of Civil Procedure, § 367.75; <br> Cal. Rules of Court, rule 3.672 <br> *www.courts.ca.gov* |

RA-010

| | |
|---|---|
| PLAINTIFF:  VIRGINIA PEERA, an individual | CASE NUMBER: |
| DEFENDANT:  COSTCO WHOLESALE CORPORATION | 22CV398102 |

5. [ x ]  I agree to keep the proceeding confidential to the same extent as would be required if I were appearing in person.

Date:  September 12, 2022

Arthur J. Casey

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE)

## Notice to Other Parties

Anyone intending to appear remotely must provide notice to all other parties by the deadlines stated in Cal. Rules of Court, rule 3.672, and described on the next page. Notice may be provided orally, electronically, or by giving the other parties this form in a way to ensure it is received by the applicable deadline. The party must tell the court this was done either by filing a proof of service (this may be done on forms POS-040 or POS-050 for electronic service) or by completing and signing the declaration below.

## Declaration of Notice

I gave notice that I intend to appear remotely to the other parties or persons entitled to receive notice in this case as stated below.
*Complete one item below for each person notice was given to, and enter one of the following options for "Method of notice" in c.*

- **Mail**: By mailing them a copy of this form (write the mailing address in d.)
- **Overnight delivery**: By having a copy of this form delivered overnight (write the delivery address in d.)
- **Electronic notice**: By e-mail or text message (write the e-mail or phone number in d.)
- **Phone**: By telling them over the telephone or leaving them voice mail (write the phone number in d.), or
- **In person**: By giving them a copy of this form in person, or by telling them orally in person (write the address in d.)

1. [ ] Plaintiff/Petitioner
   a.  Name:
   b.  Date of notice:
   c.  Method of notice:
   d.  Address (mailing, in-person, or email) or phone number:

2. [ x ]  Attorney for: Plaintiff VIRGINIA PEERA
   a.  Name: Jordan D. Johnson, Esq.
   b.  Date of notice:  September 12, 2022
   c.  Method of notice:  E-MAIL
   d.  Address (mailing, in-person, or email) or phone number: jordan@harrispersonalinjury.com

3. [ ] Defendant/Respondent
   a.  Name:
   b.  Date of notice:
   c.  Method of notice:
   d.  Address (mailing, in-person, or email) or phone number:

4. [ ]  Attorney for:
   a.  Name:
   b.  Date of notice:
   c.  Method of notice:
   d.  Address (mailing, in-person, or email) phone number:

5. [ ]  Other *(specify):*
   a.  Name:
   b.  Date of notice:
   c.  Method of notice:
   d.  Address (mailing, in-person, or email) or phone number:

6. [ ]  Attorney for:
   a.  Name:
   b.  Date of notice:
   c.  Method of notice:
   d.  Address (mailing, in-person, or email) phone number:

7. [ ]  Other *(specify):*
   a.  Name:
   b.  Date of notice:
   c.  Method of notice:
   d.  Address (mailing, in-person, or email) or phone number:

7. [ ]  Other *(specify):*
   a.  Name:
   b.  Date of notice:
   c.  Method of notice:
   d.  Address (mailing, in-person, or email) or phone number:

[ ]  If more people were given notice, check here, attach form MC-025, titled as Attachment Notice, and add the information about how and when notice was given to each person.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  September 12. 2022

MARIELA NERY

_____
(TYPE OR PRINT NAME)

*Mariela Nery*
_____
(SIGNATURE)

**NOTICE OF REMOTE APPEARANCE**

## Instructions for Giving Notice of Remote Appearance
(This page does not need to be filed.)

**1. Court online procedures**. Before using this form, check the court's website to see if that court has an online procedure for providing notice to the court of your intent to appear remotely instead. You can find a link to the website for each court at: *https://www.courts.ca.gov/find-my-court.htm*

**2. How to use this form**. This form is intended for use in civil cases only (any cases not criminal or petitions for habeas corpus, other than petitions under Welf. & Inst. Code, § 5000 et seq.), to provide written notice of intent to appear remotely, to a court and the parties, as described in Code of Civil Procedure section 367.75. It is not needed in juvenile dependency hearings.

**Check the court's website to determine how remote appearances work in that court before completing this form.** If the court does not have an online procedure for giving notice to the court of intent to appear remotely, complete and file this form to give the court notice. If you intend to appear remotely throughout the case, you only need to file it once (check item 2a).

**3. Notice to others**. You may also use this form to show that you gave notice to other parties. You must give notice of your intent to appear remotely to all parties and other persons who are entitled to notice of the proceeding. (If you checked item 2a, you only need to give notice once. Otherwise, give notice to the court and others before each proceeding you intend to appear at remotely.) You can describe how and when you gave notice in the Declaration of Notice on page 2, or by filing a proof of service with the court.

**4. When to file and give notice to others.**
California Rules of Court, rule 3.672(g) and (h) state the deadlines by which you have to give notice of intent to appear remotely to the other parties and the court. (You can give notice earlier.) There are different deadlines :

> ### For motions and proceedings in which people cannot testify
>
> If a party gives or receives *at least 3 court days' notice* of the proceeding (including all regularly noticed motions):
> - At least 2 court days before the proceeding.
>
> If a party gives or receives *less than 3 court days' notice* of the proceeding (including ex parte applications):
> - With the moving papers, if the notice to appear remotely is by the party that is asking for the hearing; or
> - By 2 p.m. the court day before the hearing if the notice to appear remotely is by any other party.
>
> *Note:* If a party misses these deadlines, they may still ask the court for permission to appear remotely.
>
> ### For trials, including small claims trials, and hearings in which people may testify (evidentiary hearings)
>
> If a party gives or receives *at least 15 court days' notice* of a trial or hearing date, and for all small claims trials:
> - At least 10 court days before the trial or hearing date.
>
> If a party gives or receives *less than 15 days' notice* of the trial or hearing (including hearings on protective orders):
> - With the moving papers or at least 5 court days before the hearing, if the notice to appear remotely is by the party that is asking for the hearing; or
> - By 2 p.m. the court day before the hearing if the notice to appear remotely is by any other party.
>
> *Note:* If a party misses these deadlines, they may still ask thecourt for permission to appear remotely.

**5. Opposition to remote appearances at trial or evidentiary hearing**.  If a party or witness has given notice of intent to appear remotely at a trial or evidentiary hearing (hearing at which people may testify), other parties in the action may oppose the remote appearance by filing *Opposition to Remote Proceeding at Evidentiary Hearing or Trial* (form RA-015). The opposition must be served on parties and other persons entitled to receive notice of the proceedings, by the deadlines summarized on that form. (Cal. Rules of Court, rule 3.672(h)(3).)

**6. In-person appearance.** A court may require any person to appear in person instead of remotely. (Code Civ. Proc., § 367.75(b).)

**7. Recordings.**  No person may record a proceeding without first getting approval from the judge. (Cal. Rules of Court, rule 1.150(c).)

**8.  Accommodations for disability.** If a party needs an accommodation for a disability, use form MC-410, *Disability Accommodations Request,* to tell the court about their needs. See form MC-410-INFO for more information.

**9.  Request for interpreter.** If a party does do not speak English well, ask the court clerk as soon as possible for a court-provided interpreter. Form INT-300, *Request for an Interpreter,* or a local court form may be used to request an interpreter. If no court interpreter is available, it may be necessary to reschedule the hearing or trial.

EFS-020

| | | |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:**   STATE BAR NO.: 123273<br>NAME:  ARTHUR J. CASEY<br>FIRM NAME: FORD, WALKER, HAGGERTY & BEHAR, LLP<br>STREET ADDRESS: 16450 Los Gatos Bvld., Suite 110<br>CITY: Los Gatos                  STATE: CA      ZIP CODE: 95032<br>TELEPHONE NO.: (408) 660-3102          FAX NO.: (408) 660-3105<br>E-MAIL ADDRESS: acasey@fwhb.com<br>ATTORNEY FOR (name): Defendant COSTCO WHOLESALE CORPORATION | | **FOR COURT USE ONLY**<br><br>on 9/12/2022 4:20 PM<br>Reviewed By: R. Burciaga<br>Case #22CV398102<br>Envelope: 9942377 |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**  SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: VIRGINIA PEERA, an individual<br>DEFENDANT/RESPONDENT: COSTCO WHOLESALE CORPORATION<br>OTHER: | **CASE NUMBER:**<br>22CV398102 |
| | **JUDICIAL OFFICER:**<br>Judge Socrates Manoukian |
| **PROPOSED ORDER (COVER SHEET)** | **DEPT:**<br>20 |

---

**NOTE:**  This cover sheet is to be used to electronically file and submit to the court a proposed order. The proposed order sent electronically to the court must be in PDF format and must be attached to this cover sheet. In addition, a version of the proposed order in an editable word-processing format must be sent to the court at the same time as this cover sheet and the attached proposed order in PDF format are filed.

---

1.  Name of the party submitting the proposed order:
    Defendant COSTCO WHOLESALE CORPORATION

2.  Title of the proposed order:
    STIPULATED PROTECTIVE ORDER

3.  The proceeding to which the proposed order relates is:

    a.  Description of proceeding:

    b.  Date and time:

    c.  Place:

4.  The proposed order was served on the other parties in the case.



Arthur J. Casey
_____
(TYPE OR PRINT NAME)

►                                                  _____
(SIGNATURE OF PARTY OR ATTORNEY)

Form Adopted for Mandatory Use
Judicial Council of California
EFS-020 [Rev. February 1, 2017]

**PROPOSED ORDER (COVER SHEET)**
**(Electronic Filing)**

Cal. Rules of Court,
rules 2.252, 3.1312
www.courts.ca.gov

**EFS-020**

| CASE NAME:<br>Peera vs. Costco | CASE NUMBER:<br>22CV398102 |
|---|---|

## PROOF OF ELECTRONIC SERVICE
### *PROPOSED ORDER*

1. I am at least 18 years old and **not a party to this action.**

   a. My residence or business address is *(specify):*
   FORD, WALKER, HAGGERTY & BEHAR, LLP - 16450 Los Gatos Blvd., Suite 110, Los Gatos, CA 95032

   b. My electronic service address is *(specify):* mnery@fwhb.com

2. I electronically served the *Proposed Order (Cover Sheet)* with a proposed order in PDF format attached, and a proposed order in an editable word-processing format as follows:

   a. On *(name of person served) (If the person served is an attorney, the party or parties represented should also be stated.):*
   Jordan D. Johnson - Harris Personal Injury Lawyers, Inc. - Attorney for Plaintiff VIRGINIA PEERA

   b. To *(electronic service address of person served):*   jordan@harrispersonalinjury.com

   c. On *(date):*  September 12, 2022

[x] Electronic service of the *Proposed Order (Cover Sheet)* with the attached proposed order in PDF format and service of the proposed order in an editable word-processing format on additional persons are described in an attachment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 12, 2022

MARIELA NERY
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ *Mariela Nery*
_____
(SIGNATURE OF DECLARANT)

**PROPOSED ORDER (COVER SHEET)**
**(Electronic Filing)**

ARTHUR J. CASEY [SBN 123273]
FORD, WALKER, HAGGERTY & BEHAR, LLP
16450 Los Gatos Blvd., Suite 110
Los Gatos, CA 95032
Tel:    (408) 660-3102
Fax:    (408) 660-3105
Email: acasey@fwhb.com

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| VIRGINIA PEERA, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>COSTCO WHOLESALE CORPORATION, a business entity; and DOES 1 through 20, Inclusive,<br><br>            Defendants. | Case No. 22CV398102<br><br>**STIPULATED PROTECTIVE ORDER** |

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

WHEREAS, plaintiff Virginia Peera (hereafter, "Plaintiff") seeks discovery of confidential, proprietary and trade secret documents and information from Costco Wholesale Corp. ("Costco") regarding Costco's policies, practices and procedures ("Confidential Information");

WHEREAS, Costco requires protection against the unrestricted disclosure and use of such Confidential Information; and

WHEREAS, the parties agree that good cause exists for the entry of the foregoing Agreed Confidentiality and Protective Order;

1

THEREFORE, it is agreed that:

1.     This Confidentiality Agreement shall govern all Confidential Information revealed in the above-referenced lawsuit, whether the Confidential Information is contained in documents produced, answers to interrogatories, deposition testimony, and/or any other oral or written responses to discovery conducted in this matter, whether it is revealed by Costco or any other party or third-party.

2.     A party shall indicate that information is Confidential Information hereunder by producing a copy bearing a stamp or label signifying that it is "Confidential." In the case of testimony or any other oral information, it shall be sufficient for a party to state that the Confidential Information is confidential pursuant to this Agreement at the time such testimony or oral information is given or conveyed. Alternatively, a party may designate testimony as Confidential hereunder by marking the transcript containing Confidential Information with the word "Confidential" within thirty days (30) days of receipt of the transcript of said testimony. In the event any party creates a computer database, disk, compact disk, drive, digital or other electronic record containing Confidential Information, the party creating such an electronic record shall mark the case or envelope containing the material with the word "Confidential." Documents printed from such electronic media shall be marked the same as documents originally produced on paper and shall be accorded the same status of confidentiality as the underlying Confidential Information from which they are made and shall be subject to all of the terms of this Agreement.

3.     Confidential Information obtained by or produced to any party shall be held in confidence and revealed only to the named parties in the above-captioned matter, counsel of record, paralegals and secretarial employees under counsels' direct supervision, the parties themselves for purposes of deposition, the Court and court staff, court reporters, and such persons as are employed by the parties or their counsel to act as experts, investigators or consultants in this case. All Confidential Information must be maintained in counsels' office, with the exception of documents and/or information provided to individuals employed to act as experts in this case. The parties shall take all steps reasonably necessary to see that no person shall use, disclose, copy or record Confidential Information for any purpose other than the preparation or conduct of this case.

2

4.      All Confidential Information shall be used solely for the purpose of maintaining the present litigation, including any appeals or retrials, and not for any other purpose(s) or any other litigation.  Under no circumstances shall Confidential Information be disclosed to anyone other than the persons designated above, and the parties shall not disclose such Confidential Information to any undesignated person during or after the termination of this litigation.  Moreover, no Confidential Information shall be disclosed to a competitor (direct or indirect) of Costco, whether for the purposes of this litigation or otherwise.

5.      Before any Confidential Information is disseminated or disclosed to any of the above-designated persons, such person shall (a) read this Confidentiality Agreement in its entirety; and, (b) agree to all provisions of this Confidentiality Agreement.

6.      All depositions, pleadings, reports, notes, lists, memoranda, indices, compilations, electronically stored information, and records in which Confidential Information is discussed, documented or referred to shall themselves be deemed Confidential Information and shall be subject to this Agreement.  Should a party use any Confidential Information in any pleading filed with the Court, that party shall, at the time of filing, request that the court impound the specific portion of the pleading containing the Confidential Information.

7.      Upon final termination of this litigation, each person subject to this Confidentiality Agreement shall return all Confidential Information to counsel for Costco within thirty (30) days after the final disposition of this matter.  Documents that contain notations of counsel may be destroyed rather than returned, but it shall be the responsibility of counsel to ensure the documents are destroyed.

8.      The disclosure of any Confidential Information by Costco shall not serve to waive any of the protections provided by this Confidentiality Agreement with respect to any other Confidential Information.

9.      No person who has received Confidential Information shall seek to vacate or otherwise modify this Agreement at any time.  This Agreement shall not be abrogated, modified, amended, or enlarged except by stipulation and agreement of the parties or by the Court with notice given to each of the parties.

1    10.    Nothing in this Confidentiality Agreement shall restrict a party's right to object to

2    the disclosure of documents or information otherwise objectionable, protected or privileged

3    pursuant to the California Code of Civil Procedure, all other applicable law, other than

4    confidentiality, or to seek an agreement preventing disclosure or limiting the discovery of

5    Confidential Information, or to seek an agreement preventing disclosure or limiting the discovery

6    of information or material that is objectionable on other grounds, regardless of whether or not such

7    material may also constitute Confidential Information pursuant to this Confidentiality Agreement.

8    This parties shall take reasonable steps necessary to have the Court enter an order consistent with

9    the terms of this Confidentiality Agreement.

10    11.    Nothing contained herein shall restrict the presentation of any evidence, including

11    Confidential Information, to a jury or the Court at trial.  However, such presentation shall not

12    constitute a waiver of any restrictions provided for in this Order and the parties agree to take

13    reasonable steps to maintain the confidentiality of any Confidential Information at trial of this

14    matter in such a manner and until such time as the Court may direct and/or as the parties may

15    otherwise agree.  Before any such presentation of Confidential Information, the receiving party

16    shall provide Costco with appropriate notice so that Costco may have the opportunity to lodge

17    appropriate objections or seek the Court's direction to prevent disclosure of the Confidential

18    Information and/or move for appropriate confidential treatment of the materials at trial.

19    12.    The terms of this Agreement shall remain fully active until released by written

20    consent of Costco.  The Court shall retain jurisdiction over the parties, this Agreement, and

21    recipients of confidential documents, materials, and/or information for the sole purpose of

22    enforcing this Agreement and adjudicating claims of breaches thereof and administering damages

23    and other remedies related thereto.  The provisions of this Agreement shall continue to be binding

24    as to the confidential documents, materials, and/or information produced pursuant to it.

25    / / /

26    / / /

27    / / /

28    / / /

STIPULATED PROTECTIVE ORDER                                           Case No. 22CV398102

13.     This Stipulation and Order may be executed in one or more counterparts, and facsimile signatures are deemed to constitute originals for purposes of this Stipulation.

Dated:  09/12/2022                        FORD, WALKER, HAGGERTY & BEHAR


By: _____
        ARTHUR J. CASEY
Attorneys for Defendants COSTCO
WHOLESALE CORPORATION and COSTCO
MEMBERSHIP, INC.


Dated: 09/08/2022                         HARRIS PERSONAL INJURY LAWYERS


By: _____
        JORDAN D. JOHNSON
Attorneys for Plaintiff VIRGINIA PEERA

STIPULATED PROTECTIVE ORDER                                    Case No. 22CV398102

1

**ORDER**

2       It is hereby ordered that pursuant to the stipulation of the parties by and through their

3   counsel that a protective order consistent with the terms agreed to by the parties above is issued in

4   the above-entitled action.

5       **IT IS SO ORDERED.**

6

7

8   Date: _____    _____

9                              The Honorable Judge of the Superior Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER                                                    Case No. 22CV398102

## PROOF OF SERVICE
*Peera v. Costco*
Santa Clara County Case No. 22CV398102

I, MARIELA NERY, declare:

I am over the age of eighteen (18) years and not a party to the within entitled action.  I am employed by Ford, Walker, Haggerty & Behar, LLP.  My business address is 16450 Los Gatos Blvd., Suite 110, Los Gatos, California 95032.  I am readily familiar with the firm's practice for collection and processing of documents for delivery by way of the service indicated below.

On **SEPTEMBER 12, 2022**, I served the following document(s):

**STIPULATED PROTECTIVE ORDER**

on the interested party(ies) in this action as follows:

☒ **BY E-MAIL:** By agreement of the parties to accept service by electronic transmission, I caused the document(s) to be sent from email address mnery@fwhb.com to the persons at the electronic notification addresses shown below.

| | |
|---|---|
| Jordan D. Johnson | Attorneys for Plaintiff |
| Harris Personal Injury Lawyers, Inc. | VIRGINIA PEERA |
| 55 S. Market Street, Suite 1010 | |
| San Jose, CA  95113 | |
| EMAIL:jordan@harrispersonalinjury.com | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **SEPTEMBER 12, 2022**, at Los Gatos, California.

*Mariela Nery*
MARIELA NERY